UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL and PATRICIA EXENDINE,

Plaintiff(s),

v.

CITY OF SAMMAMISH, et al.,

Defendant(s).

NO. C05-436P

ORDER TO SHOW CAUSE

The above-entitled Court, having received and reviewed the parties' briefing on Defendants' Motion for Summary Judgment, including all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that the parties are to show cause why this matter should not be dismissed in its entirety on grounds of res judicata or claim preclusion.

IT IS FURTHER ORDERED that counsel for both sides are to submit simultaneous briefs (not to exceed 12 pages in length) on the issue of res judicata and its applicability to this litigation; the briefs shall be submitted no later than **September 7, 2006.**

**Discussion**

A federal action may be barred by res judicata where earlier lawsuit:

1. Involved the same claims sued upon in the present action; and
2. Involved the same parties or persons in privity of interest with them; and
3. Resulted in a final judgment on the merits.

Blonder-Tongue Laboratories, Inc. v. University of Ill. Found., 402 U.S. 313, 323-324 (1971) (cited in Federal Civil Procedure Before Trial, Rutter Group, 8:234.11, 2005).

ORDER TO
SHOW CAUSE - 1

The Ninth Circuit decides whether claims in two lawsuits are the "same" based on the following criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1405 (9th Cir. 1993) (citations omitted).

Washington cases[1] indicate that res judicata acts to bar, not only the claims that actually were brought in the prior litigation, but any claims which <u>might have</u> conceivably been brought under circumstances that were the subject of the lawsuit.

> The general doctrine is that the plea of *res judicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.

Hisle v. Todd Pacific Shipyards Corp., 151 Wash.2d 853, 865 (2004) (quoting Schoeman v. N.Y. Life Ins. Co., 106 Wash.2d 855, 859, (1986)).

The Court has become aware, through the parties' briefing in this case, of prior litigation at the state court level involving some or all of the parties currently present in this lawsuit. That litigation culminated in an state appellate opinion (Exendine v. City of Sammamish, 127 Wash.App. 574, 2005) which has raised questions in the Court's mind regarding whether the claims at issue in this case might not well be subject to preclusion based on the criteria outlined above. The Court is aware that Plaintiffs are prosecuting different causes of action in this case than in their state case, but the language of Hisle suggests that, in the state of Washington, res judicata is applicable to any claim which could properly have been brought in the original lawsuit, which might well extend to the constitutional and other claims presently before this court.

---

[1] If the former judgment is a state court judgment, as it is in this case, federal courts must apply the re judicata rules of the state that rendered the underlying judgment. Migra v. Warren City School Dist. Bd. of Educ., 465, U.S. 75, 81 (1984).

ORDER TO
SHOW CAUSE - 2

1    "The doctrine of res judicata insures the finality of decisions, conserves judicial resources, and
2 protects litigants from multiple lawsuits. [*citation omitted*] . . . It is consistent with these principles to
3 permit a court which has been apprised by the [parties] of an earlier decision arising out of the same
4 [facts] upon which the action before the court is based, to examine the res judicata effect of that prior
5 judgment sua sponte." <u>McClain v. Apodaca,</u> 793 F.2d 1031, 1032 -1033 (9th Cir. 1986).

6    Counsel for both sides are ordered to submit briefs (12-page limit) to this Court by no later
7 than September 7, 2006, setting out their position of the res judicata effect of the prior state litigation.

9    The clerk is directed to provide copies of this order to all counsel of record.

10 Dated: August 25th, 2006

13                Marsha J. Pechman
               United States District Judge

**ORDER TO**
**SHOW CAUSE - 3**