UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EXENDINE,

                    Plaintiff(s),

        v.                                                      NO. C05-436P

CITY OF SAMMAMISH, et al.,                          ORDER ON DEFENDANTS'
                                                                  MOTION FOR SUMMARY
                    Defendant(s).                          JUDGMENT

        The above-entitled Court, having received and reviewed:

1.      Defendants' Motion for Summary Judgment

2.      Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment

3.      Defendants' Reply in Support of Defendants' Motion for Summary Judgment

and all exhibits and declarations attached thereto, makes the following ruling:

        IT IS HEREBY ORDERED that the motion is GRANTED; Plaintiffs' claims for:

        •       Violation of the First Amendment (First Cause of Action)

        •       Violations of the Fourth Amendment (Second and Third Causes of Action)

        •       Violation of the Fourteenth Amendment Due Process Clause (Fourth Cause of Action)

        •       § 1983 Municipal Liability (Fifth Cause of Action)

        •       Damage to the Husband/Wife Relationship (Sixth Cause of Action)

        •       Infliction of Emotional Distress (Eighth Cause of Action)

        •       Trespass to Property (Ninth Cause of Action)

are hereby DISMISSED with prejudice.

ORDER ON MTN
FOR SUMM JMT - 1

IT IS FURTHER ORDERED that the remaining state law causes of action for negligence and conversion are DISMISSED without prejudice, as this Court declines to exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(c)(3).

**Background**

Plaintiffs own property in the City of Sammamish.  In February of 2002, they came to the attention of Defendant Litzau (a Sammamish Code Enforcement Officer) regarding possible building and other civil code violations (including accumulations of inoperable vehicles and substandard and hazardous conditions in structures and trailers on the property).  Plaintiffs retained counsel who corresponded with Litzau about Plaintiffs' desire to be in legal compliance.  Following a meeting of various City officials, a warrant to search Plaintiffs' property was sought and obtained.  The warrant permitted entry onto the property and a search for evidence of code violations.

On March 18, 2002, Defendant Litzau, accompanied by Defendant Sherwood (of the Sammamish Police Department), executed a search warrant issued by King County District Court on Plaintiffs' property.  The search revealed a number of potentially dangerous conditions on the property, including: exposed wiring; holes in the floor, ceiling and roof; inadequate plumbing fixtures, dry rot under the eaves, floor and porch; and a sagging and mossy roof.  (Plaintiffs do not deny these conditions existed.)  In addition to being searched, Plaintiffs' buildings and vehicles were posted with "Do Not Occupy" signs and Plaintiffs (Mr. & Mrs. Exendine. and a daughter who is not a party to this suit) were presented with an order to vacate the property.  The order to vacate was issued without prior notice.  Plaintiffs and daughter evacuated from property forthwith.

On March 24, 2002, pursuant to an indemnification agreement with the City, Plaintiffs returned to their property.  It appears from the pleadings that they did not resume occupancy until March 26, 2002.

1    Although the search warrant was issued based on the fact that the City of Sammamish had

2    deemed it a potential misdemeanor to violate the city's building and civil codes, the City decided not

3    to prosecute Plaintiffs criminally and instead issued a series of Notice and Orders of City of

4    Sammamish Code Violations.  Plaintiffs exercised their right to appeal the Orders, and argued (among

5    other things) that they were not in violation and that District Court did not have jurisdiction to issue

6    the search warrant. The findings of the code violations were upheld and the Washington Court of

7    Appeals affirmed the jurisdiction of the District Court to issue the search warrants.  Exendine v. City

8    of Sammamish, 127 Wash.App. 574 (2005).

9    **Discussion**

10    Although Defendants, in their moving papers, request summary judgment dismissing  Plaintiffs'

11    claims "in their entirety" (Def Mtn, pp. 2, 15), their legal argument fails to address two of Plaintiffs'

12    causes of action – their state law claims for negligence and conversion.  Because neither party briefed

13    those two claims, they cannot be dismissed on summary judgment.  However, since this summary

14    judgment order results in the dismissal of all federal causes of action in this lawsuit, the Court instead

15    declines to exercise supplemental jurisdiction over the remaining state law causes of action.  This order

16    will first discuss each dismissed claim in turn, then lay out the reasons for declining to maintain

17    jurisdiction over the state law claims.

18    First Cause of Action: Violation of the First Amendment

19    Plaintiffs have previously agreed to dismiss their claim for violation of the First Amendment.

20    Pltfs Memo, p. 4.  Although no stipulation and order has been forthcoming in this regard, the Court

21    will assume that Plaintiffs do not contest the validity of Defendants' argument that this cause of action

22    should be dismissed.

23

24

25

26    **ORDER ON MTN**
     **FOR SUMM JMT - 3**

Second and Third Causes of Action: Violation of the Fourth Amendment

While Plaintiffs do not (indeed, cannot) contest the validity of the search warrant which was served upon them on their property, they argue that, in serving Plaintiffs with a notice to vacate, Defendants exceeded the scope of the warrant and effected an unreasonable seizure of their person and their property in violation of the Fourth Amendment.

Plaintiffs' argument in this regard ignores the fact that Defendants proceeded to issue and enforce the order to vacate under a statutory scheme which Plaintiffs have not challenged as unconstitutional or otherwise invalid. The allegations of code violations and the issuance of the Notice and Orders have already been upheld by the Hearing Examiner and affirmed on appeal by the Washington Court of Appeals. Exendine, *supra* at 587.

Plaintiffs present no evidence that Defendants' actions in issuing the Order to Vacate were not within the parameters of the statutory scheme in place within the municipality. City of Sammamish Ordinance No. 099-30 authorizes City officials to respond to any land use violation as a threat to public health, safety and welfare. Sections 2 and 3 of that ordinance state:

> All violations of development, land use, and public health ordinances are found and declared to be detrimental to the public health, safety and welfare and further found and declared to be nuisances. Nuisances create public harm. Prevention and correction of nuisance are necessary to prevent public harm.
>
> Nuisance includes permitting or allowing any act or omission which endangers the comfort, repose, health or safety of others as well as any dangerous, decaying, unkept, falling or damaged dwelling.

*See* Sammamish Ordinance 099-303G(2) and (3)(b).

Defendant City of Sammamish has also adopted § 104.2.5 of the Uniform Building Code ("Occupancy violations"), a statute which specifically holds:

> Whenever any building or structure. . . regulated by this code is being used contrary to the provision of this code, the building official may order such use discontinued and the structure, or portion thereof, vacated by notice served on any person causing such use to be continued. Such person shall discontinue the use within the time prescribed by the building official after receipt of such notice to

**ORDER ON MTN**
**FOR SUMM JMT - 4**

make the structure, or portion thereof, comply with          the requirements of this
code.

1997 Uniform Building Code, § 104.2.5 (emphasis supplied).  The "time prescribed by the building official" to discontinue the use of the offending property in this case was "immediately."

Plaintiffs' attempt to analogize this fact pattern to a landlord-tenant situation (Pltf Memo, p. 15) and invoke the tenets of that area of law are unavailing – the circumstances are totally inapposite. Nor is Plaintiffs' argument supported by their citation to RCW 35.80.030(1).  The statute appears to apply to unoccupied dwellings and in any event the actions of the City of Sammamish appear to fall within its strictures: a determination of unfitness was made, an order served upon the owners requiring them to vacate (RCW 35.80.030(1)(f)) and an appeal process was provided to them by which they could appeal the adverse determination (RCW 35.80.030(g)).  Furthermore, the statute provides municipalities with the authority to declare nuisances and "cause their removal or abatement by summary proceedings or otherwise."  RCW 35.80.080(6).  Defendants acted in accordance with a lawful statutory scheme and conformed their actions to the requirements of that scheme.  There is no evidence of a violation of the Fourth Amendment and Plaintiffs' claim in that regard will be dismissed.

Fourth Cause of Action: Violation of Fourteenth Amendment Due Process Clause

Plaintiffs allege a violation of the Fourteenth Amendment in the absence of a pre-deprivation hearing in the course of being ordered to vacate their property.  The current state of the law in this area, however, does not envision that everyone who is deprived of a constitutionally-protected right is entitled to a due process hearing prior to that deprivation.  Seizure without a prior hearing has been upheld in circumstances where: (1) a "compelling" state interest necessitates such action and (2) the subject party is afforded adequate post-deprivation hearings.  The Supreme Court has recognized that

... either the necessity of quick action by the State or the impracticality of  providing any meaningful predeprivation process, when coupled with the availability of some meaningful means by which to assess the propriety          of the State's action at some time after the initial taking, can satisfy the     requirements of procedural due process.

1   Parratt v. Taylor, 451 U.S. 527, 539, 101 S.Ct. 1908 (1981).

2       The Court finds that the Parratt elements are satisfied in this case.  Plaintiffs do not dispute the

3   condition of their home as alleged by Defendants – exposed electrical wiring, faulty plumbing,

4   structural defects, deteriorated flooring.  The findings of the court below establish those conditions as

5   violative of the municipal code.  Exendine v. City of Sammamish, 127 Wash.App. at 578.  The

6   statutory scheme described *supra* permits the City to declare those conditions a "nuisance"

7   (Sammamish Ordinance 099-303G(2) and (3)(b)) and to order use of the violating property

8   discontinued "within the time prescribed." 1997 Uniform Building Code, § 104.2.5.  These

9   regulations, viewed in conjunction with each other, create the existence of the "compelling" state

10  interest and contemplate the "necessity of quick action" which the City's process regarding Plaintiffs

11  represented.

12      Plaintiff's argument that the City's willingness to permit them to return to their property

13  following the execution of a an indemnity agreement somehow alters the nature of the government's

14  interest in swiftly responding to the code violations is not persuasive.  The fact that Plaintiffs were

15  willing to assume the risk represented by the condition of their property does nothing to alter the

16  existence of that risk or the government's right to move swiftly (pre-due process hearing) to address

17  it.

18      Regarding the second Parratt factor, the evidence establishes that Plaintiffs were advised of

19  their right to appeal the City's decision following the issuance of the Notice and Orders and that they

20  did so, all the way to Washington Court of Appeals.  Plaintiffs were represented by competent counsel

21  and, based on the three-year procedural history leading up to this lawsuit, their position regarding the

22  notice to vacate was thoroughly briefed and argued.  Plaintiffs received an adequate post-deprivation

23  hearing and are not legally entitled to prosecute a Fourteenth Amendment cause of action under these

24  circumstances.

25

26  **ORDER ON MTN**
    **FOR SUMM JMT - 6**

Fifth Cause of Action: § 1983 Municipal Liability

Defendants' liability under § 1983 arises, if at all, out of illegal and/or unconstitutional acts of municipal agents acting under the direction of or with the approval/ratification of representatives of the municipality who have final decision-making authority.  Pembaur v. City of Cincinnati, 475 U.S. 469, 482 (1986); Larez v. City of Los Angeles, 946 F.2d 630, 645-46 (9th Cir. 1991).  Based on the Court's finding that Plaintiff has failed to establish any illegal or unconstitutional activity by the City or its employees, it follows that the individual defendants were acting under the lawful authority of the municipality and had no reason to know or believe that their actions were illegal or unconstitutional. Defendants are entitled to a summary judgment of dismissal of the § 1983 claim.

Sixth Cause of Action: Damage to the Husband/Wife Relationship

In this claim, Plaintiffs have asserted a substantive due process cause of action for what they claim as the constitutionally-protected right to their marital relationship.  The fatal defect in this aspect of their pleading is the attempt to claim a generic substantive due process protection for constitutional rights which have more specific safeguards in place.

Plaintiffs cite a number of cases which establish that familial relationships (here, the husband/wife relationship) are entitled to constitutional protection. Defendants concede, in a general sense, that Plaintiffs have a federally-protected right to each other's love, society and companionship. Def Reply, p. 9.  Plaintiffs' cases do concern violations of substantive due process resulting from the deprivation of these relationships, but all their cases pre-date Armendariz v. Penman, 75 F.3d 1311, 1326 (9th Cir. 1996), the Ninth Circuit case which holds that substantive due process protections do not extend to rights which are addressed by more specific provisions of the Constitution. *See also* Graham v. Connor, 490 U.S. 386, 395 (1986).

Armendariz is controlling authority on this subject.  Defendants argue persuasively that Plaintiffs' substantive due process claims are addressed by the more specific protections of the Fourth

Amendment (unreasonable seizure) and the Fifth Amendment (takings).  Plaintiffs never address the argument and nowhere do they explain why the Fourth and Fifth Amendments are not applicable to this aspect of their complaint.  The Court finds that Defendants are entitled to dismissal of Plaintiffs' substantive due process cause of action as a matter of law.

Eighth Cause of Action: Infliction of Emotional Distress

Plaintiffs' Complaint pleads infliction of emotional distress in an "intentional, reckless and/or negligent" manner.  Complaint, ¶103.  Defendants' summary judgment argument addresses on the intentional or reckless varieties of this tort.

Prevailing on a claim of intentional or reckless infliction of emotional distress requires meeting rigorous factual thresholds.  The elements are:

1.    Extreme and outrageous conduct

2.    Intentional or reckless infliction of emotional distress

3.    Proof of resulting severe emotional distress to plaintiffs

Dicomes v. State, 113 Wn.2d 612, 630 (1989); WPI 14.03.01.  Further, the conduct must be so extreme "as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society."  Grimsby v. Sampson, 85 Wn.2d 52, 59 (1965); WPI 14.03.02.

Defendants have met their initial summary judgment burden of averring the absence of any genuine dispute regarding an issue of material fact regarding this claim.  Having done that, it the becomes incumbent on Plaintiffs to cease relying on their allegations and produce evidence to show that there is a genuine issue for trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-324 (1986).

They have not done so.  Plaintiffs' exhibits are completely devoid of any testimony concerning either (1) conduct by any of Defendants' agents that could even arguably be characterized as "atrocious and utterly intolerable" or (2) manifest symptoms of "severe emotional distress" (sleeplessness, lack of concentration, physiological reactions, etc.).  In the face of this complete

1   absence of proof by Plaintiffs, Defendants are entitled to summary judgment as to the claim that they

2   intentionally or recklessly inflicted emotional distress.[1]

3        Regarding Plaintiffs' allegation of negligent infliction of emotional distress, the duty that

4   generally applies in negligence cases is the duty to exercise ordinary care.  Mathis v. Ammons, 84

5   Wn.App. 411, 415-16 (1996).  As discussed *supra*, it is the opinion of this Court that the defendant

6   agents of the City of Sammamish acted within the legal and constitutional bounds of an existing

7   statutory scheme for the regulation of building safety.  Further, even viewing the evidence in the light

8   most favorable to Plaintiffs, there is nothing to suggest that the defendant agents did not exercise

9   ordinary care in the discharge of their duty.  On that basis, the Court finds that Defendants are entitled

10  to dismissal of the claim of negligent infliction of emotional distress as a matter of law.

11  Ninth Cause of Action: Trespass to Property

12       To the extent that Plaintiffs allege a trespass on the grounds that Defendants' presence on their

13  property on March 18, 2002 exceeded the scope of the search warrant, that argument has been

14  addressed *supra* – although Defendants' presence on Plaintiffs' property resulted in an order to vacate

15  not contemplated in the search warrant, their presence was based on a finding of code violations by

16  Plaintiffs which has been reviewed and upheld in a prior court proceeding.  Plaintiffs have not

17  presented statutory or case law holding that the presence of municipal officials under those

18  circumstances will support a finding of trespass.

19       Plaintiffs allege further evidence of trespass in the warrantless presence of police officers in

20  their home "on or about" March 24, 2002.  Decl. of Exendine, ¶¶20-21.  These officers are never

21  identified and are not named as defendants in this suit.  Plaintiffs present no evidence that this activity

22

23  [1] Per Washington Pattern Jury Instructions Comment, WPI 14.03: "Although the determination whether a
    course of conduct is sufficiently outrageous ordinarily rests with the jury (*citations omitted*), the trial court must initially

24  determine if reasonable minds could differ on whether the conduct is sufficiently extreme and outrageous so as to
    warrant a factual determination by the jury."  On the basis of the information (or lack thereof) introduced to date, it is

25  the finding of this Court that reasonable minds could not differ on whether a finding of "extreme and outrageous"
    conduct would be warranted..

26  **ORDER ON MTN**
    **FOR SUMM JMT - 9**

was directed by or sanctioned by officials of Defendant City of Sammamish.  Plaintiffs' cause of action for trespass will be dismissed pursuant to Defendants' motion.

Plaintiffs' Remaining State Law Claims

On the basis of Defendants' motion, the Court is prepared to dismiss all of Plaintiffs federal law causes of action, and some of their state law claims.  As discussed *supra*, Defendants' motion fails to address two of Plaintiffs' claims – negligence and conversion – which arise under state law.

Once the federal law claims which formed the basis for a court's original jurisdiction have been dismissed, a federal district court has discretion to decline to exercise the supplemental jurisdiction it previously exerted over a plaintiff's state law claims.

> (c) The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
>
> * * *
>
> (3) the district court has dismissed all claims over which it has original jurisdiction.

28 U.S.C. § 1367(c)(3).

The federal courts exist primarily to hear claims concerning the United States Constitution, federal statutes, and cases where the parties can establish diversity.  It is common for U.S. District Courts, in matters where all federal law claims have been dismissed, to refuse to continue exercising jurisdiction over any remaining state law causes of action.  *See* Harrison v. Landmark Comm. Publications of Tenn., 892 F.Supp. 199, 200 (E.D. Tenn. 1995) (recommending "against exercising supplemental jurisdiction of state-law claims when all federal-law claims in a civil action have been dismissed before trial, considering interests of judicial economy, the avoidance of a multiplicity of litigation, and the risk of needlessly deciding state-law issues"); Hoffman v. Applications Sales & Service, Inc., 366 F.Supp.2d 177, 185 (D. Me. 2005), aff'd 439 F.3 9 (1st Cir. 2006) [court should decline jurisdiction over remaining state law claims if federal claims dismissed]; Shabat v. Blue Cross, 925 F.Supp. 977, 991 (W.D.N.Y. 1996), aff'd 108 F.3d 1370 (2nd Cir. 1997) ["It is well settled that 'if

1  the federal law claims are dismissed before trial. . . the state law claims should be dismissed as well.'"

2  (*citations omitted*)].

3        The Court is aware that this ruling comes late in the proceedings in this lawsuit.  However, a

4  court may decline supplemental jurisdiction at any stage of the litigation, even where it has previously

5  decided to exercise such jurisdiction. <u>Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. Of the</u>

6  <u>Black Hills</u>, 141 F.3d 1284, 1287 (8th Cir. 1994).

7        In addition to the well-established precedent for this practice, the Court is also mindful of the

8  issue of judicial economy.  Were the Court to move forward with a jury trial on the remaining state

9  law causes of action, citizens from throughout Western Washington would be summoned to this forum

10  to hear testimony on whether Defendants' alleged conduct violated some very basic state tort and

11  property law.  If Plaintiffs choose to file his claim in state court, it would in all likelihood be handled by

12  a single hearing officer in a mandatory arbitration proceeding, rendering the expense of a jury trial in

13  this forum unnecessary and wasteful.  Such a proceeding would make full use of whatever pretrial

14  discovery and preparation Plaintiffs have accomplished to date, so their efforts to prepare their case

15  would not have been futile.  Furthermore, Plaintiffs would not be subject to any statute of limitations

16  bar, as any applicable statute of limitations "shall be tolled while the claim is pending [in federal court]

17  and for a period of 30 days after the dismissal unless state law provides a longer period."  28 U.S.C. §

18  1367(d).

19

20

21

22

23  **Conclusion**

24

25

26  **ORDER ON MTN**
   **FOR SUMM JMT - 11**

Summary judgment is GRANTED and all of Plaintiffs' causes of action except the negligence and conversion claims are DISMISSED with prejudice. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise ongoing supplemental jurisdiction over the state law claims of negligence and conversion, and those claims are DISMISSED without prejudice.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: October _11__, 2006

Marsha J. Pechman
U.S. District Judge

ORDER ON MTN
FOR SUMM JMT - 12